# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Cedar Lane Technologies Inc., | |
| Plaintiff, | Civil Action No. 6:21-cv-00426-ADA |
| v. | The Honorable Alan A. Albright |
| Trip.com Group Limited, | **JURY TRIAL DEMANDED** |
| Defendant | |

# SPECIAL APPEARANCE AND MOTION TO DISMISS FOR
# LACK OF PERSONAL JURISDICTION AND DEFECTIVE SERVICE

COMES NOW, Defendant Trip.com Group Limited, who appears specially by and through its attorneys, Porter Hedges LLP, and moves this Court under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2) and (5), to dismiss this matter due to improper service of process and lack of personal jurisdiction, as well as lack of compliance with Fed. R. Civ. P. 4. Defendant requests this Court hereby allow this special appearance so that Defendant can dispute service of process and personal jurisdiction. Defendant requests that the Court prohibit Plaintiff from correcting its defective service by serving Porter Hedges LLP or the undersigned counsel.

I.  **INTRODUCTION**

Plaintiff Cedar Lane Technologies Inc. ("Cedar"), without seeking leave from the Court, improperly attempted to serve Defendant Trip.com Group Limited ("Trip.com") with its five-page Complaint through the Texas Secretary of State. Trip.com is a foreign company based in Shanghai, China, and must be served under the terms of the Hague Convention. Because Cedar has failed to demonstrate jurisdiction over Trip.com and has failed to serve Defendant properly, Trip.com asks the Court to dismiss the Complaint under Rules 12(b)(2)

and 12(b)(5).

The United States and the People's Republic of China ("China") are parties to the Hague Convention—a multilateral treaty governing service of legal documents between their borders. The Hague Convention allows contracting nations some measure of control over the flow of legal process within their borders while creating "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time" and to "improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting theprocedure." Hague Convention (20 U.S.T. 361) at Preamble. The treaty applies when legal process—such as the complaints at issue here—must be sent abroad under the forum state's long-arm statute.

Cedar has wholly ignored the requirements under the Hague Convention and improperly attempted to serve Defendant at its address in China by serving the Texas Secretary of State. However, Cedar is bound by the same procedural rules that apply to other plaintiffs seeking to litigate their claims in Texas, and Cedar's approach to service should be rejected. Moreover, Cedar has not attempted service via the Hague or sought leave from the Court to effect alternative service. Instead, it has improperly relied on the Texas Secretary of State to mail a summons to China, a country that has expressly rejected service by mail under the Hague Convention. Cedar's approach not only conflicts with the rules but also undermines international comity by simply disregarding as a nuisance the Hague Convention and its carefully crafted balancing of interests. For all these reasons, Cedar's defective service should be rejected, and the case dismissed.

II. **PROCEDURAL HISTORY**

Cedar filed its Complaint on April 28, 2021. ECF No. 1. A purported "summons

returned executed" was filed on May 17, 2021. ECF No. 7 admitted that Trip.com's address in China:



The instant motion moves for dismissal under Fed. R. Civ. P. 12(b)(2) and (5). Trip.com preserves its right to move to transfer venue pursuant to 28 U.S.C. § 1404(a).

III.     **LEGAL STANDARD**

Under Federal Rules of Civil Procedure 12(b) (2) and (5), a defendant may move to dismiss a case for "insufficient service of process" (Rule 12(b)(5)) and the resultant "lack of personal jurisdiction" (Rule 12(b)(2)). Satisfactory service of process requires compliance with (1)fundamental due process, such that the service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)), and (2) "the procedural requirement of service of summons" as set forth in Fed. R. Civ. Proc. 4 and any relevant state rules or treaties (*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  Attention to both norms of due process *and* procedural

formalities are separate requirements, each of which must be satisfied before a court can exercisepersonal jurisdiction. *Omni Capital Int'l*, 484 U.S. at 104. The latter point is at issue in this case.

A. **Service of Process**

"A district court cannot exercise jurisdiction over a defendant which has not been [served] properly." *Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g S.D.N. B.H.D.*, No. 6-19-CV-00565- A.D.A., ECF No. 20 at 2 (W.D. Tex. Feb. 26, 2020). "'Actual notice of the litigation does not satisfy the requirement of proper service of summons under Rule 4.'" *Id*. (quoting *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995)).

Rule 4(h)(2) provides that service upon a foreign corporate defendant like Trip.com may be accomplished through any manner prescribed in Rule 4(f) for serving individuals, except personal delivery. In turn, Rule 4(f) provides that service at a place not within a judicial district of the United States may be accomplished through via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Maters, Nov. 15, 1965, 20 U.S.T. 361, (the "Hague Convention"). *See* Fed. R. Civ. P. 4(f)(1). Although Rule 4(f) provides for other means of service, "compliance with the Convention is ***mandatory*** in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schunk*, 486 U.S. 694, 705 (1988)(emphasis added). Here, because the United States and China are both signatories to the Convention,[1] the Convention applies. Thus, to effect proper service of process upon Trip.com, Cedar must request service to the

---

[1] Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated June 17, 2021).

Ministry of Justice of China under the Hague Convention. Hague Conference on Private International Law ("HCCF") FAQ https://assets.hcch.net/ docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf (last visited Aug. 10, 2021); HCCF https://www.hcch.net/en/states/ authorities/details3/?aid=243 (last visited August 10, 2021). Cedar cannot serve Trip.com in China via postal or courier service, whether via the Texas Secretary of State or not. It is Cedar's burden to demonstrate that service was proper, and it cannot meet this burden. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

The United States and China are both contracting parties to the Hague Convention. 20 U.S.T. 361; *see also* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/ instruments/conventions/status-table/?cid=17 (last updated June 17, 2021 listing Convention members). Article 1 of the Hague Convention provides:

> The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for serviceabroad.
> This Convention shall not apply where the address of the person to be served with the document is not known.

Under the Convention, member states provide a "central authority" responsible for receiving and effecting service from abroad consistent with domestic policies. *Id.* Arts. 2-7.[2]

To determine whether a case creates "an occasion to transmit a judicial … document for service abroad," the Fifth Circuit directs that "courts are to look to the method of service

---

[2] Some member nations to the Convention permit parties to continue to freely send service-documents by mail, but this is limited to cases where "the State of destination does not object." 20 U.S.T. 361 Art. 10. China objects to such service under the Hague Convention. *See* Chiaviello Decl. Ex. 2; *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *1 (N.D. Cal. June 12, 2008) ("China, however, objected to Article 10 of the Convention").

5

prescribed by the internal law of the forum state." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 536–37 (5th Cir. 1990) (*citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-706 (1998)). The Hague Convention is triggered—and "shall apply" (20 U.S.T. 361 Art. 1)—if the state method of serving process "involves the transmittal of documents abroad." *Sheets*, 891 F.2d at 537.[3]

Here, Cedar has relied upon the Texas Secretary of State transmitting documents abroad. Texas' long-arm statute provides that an out-of-state business may be served directly to the "person in charge" of the defendant's in-state business branch or via the Texas Secretary of State as agent for service of process. Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043-44 (West). But in either case, the long-arm statute, in this case, requires sending documents to the defendant's foreign business address. *See id.* §§ 17.045(a) ("If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided") and (c) ("If the person in charge of a nonresident's business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately mailed to the nonresident or

---

[3] This is also consistent with the different procedures for domestic and foreign service under Fed. R. Civ. Proc. 4. When serving a defendant "[w]ithin a Judicial District of the United States" service can be effected by "following state law for serving a summons" (Fed. R. Civ. Proc. 4(e)(1)), whereas only when an entity is "served at a place not within any judicial district of the of the United States" (Fed. R. Civ. Proc. 4(f)), is the court empowered to allow service "by other means not prohibited by international agreement." Fed. R. Civ. Proc. 4(f)(3). *See Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 WL 12087219, at *3–4 (W.D. Tex. Aug. 5, 2013) (comparing service under Rule 4(e) and 4(f)); *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *2, 7 (S.D.N.Y. July 17, 2020) (Rule 4(f)(3) does not permit service on US counsel where service would be effected within the United States); *In re Auto. Parts Antitrust Litig.*, No. 16-CV-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017) ("the plain language of Rule 4(f)(3) limits the Rule to service made outside of the United States").

the nonresident's principal place of business."); *Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*, 54 F. Supp. 2d 691, 693 (S.D. Tex. 1999) ("Because Defendant is a foreign resident, notice must be mailed abroad, triggering the requirements of the Hague Convention."). Here, that place of business is in Mainland China.

Article 10 of the Hague Convention permits alternative service methods, such as service by mail, ***provided the State of designation does not object***. (Emphasis added). However, when China adopted the Convention, it objected to Article 10's alternative service methods, including mail. See Hague Convention Declarations/Notifications for Articles 5,8,10,15,16 https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=402&disp=resdn, HCCF (last visited Aug. 10, 2021). Therefore, when serving a China-based company in China, a U.S. plaintiff must request service to the Ministry of Justice of China under the Hague Convention. HCCF FAQ https://assets.hcch.net/docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf (last visited Aug. 10, 2021); HCCF https://www.hcch.net/en/states/authorities/details3/?aid=243 (last visited August 10, 2021). Cedar cannot serve Trip.com in China via postal or courier service, whether via the Texas Secretary of State or not.

B. **Personal Jurisdiction**

This Court looks to Federal Circuit law to determine whether it has personal jurisdiction over Trip.com "because the jurisdictional issue is intimately involved with the substance of the patent laws." *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 522 F.3d 1324, 1328 (Fed. Cir. 2008) (quotation marks omitted). Determining whether personal jurisdiction exists over an out-of-state defendant requires answering two questions: (i) Does the forum state's long-arm statute permit service of process? and (ii) Would the assertion of personal

jurisdiction violate due process? *Id*. at 1329. Here, "[b]ecause the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas." *Broadway Nat'l Bank v. Plano Encryption Techs., L.L.C.*, 173 F. Supp. 3d 469, 474 (W.D. Tex. 2016). "The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established minimum contacts in the forum state.'" *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).

"Minimum contacts may give rise to either general or specific jurisdiction." *Id.* General jurisdiction "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (quotation marks omitted). A court may exercise general jurisdiction "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'asto render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

To determine whether specific jurisdiction exists, the Federal Circuit applies a three-prong test, asking: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). "The plaintiff has the burden to show minimum contacts exist under the first two prongs, but the defendant has the burden of

proving the exercise of jurisdiction would be unreasonable under the third prong." *Broadway Nat'l*, 173 F. Supp. 3d at 474 (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).

IV. **ARGUMENT**

As discussed above, the United States and China are members of the Hague Conventionand are bound by its terms. Texas law requires the transmission of documents abroad when a foreign company is sued, and Defendant Trip.com is a foreign corporation. Accordingly, compliance with the Hague Convention is required. Plaintiff Cedar has not even attempted to serve Trip.com under the Hague Convention and has not otherwise served process on Trip.com in China. Further, Cedar has not sought leave of this Court to serve via alternative methods. Therefore, Cedar's attempt to serve Trip.com is insufficient as a matter of law, and the case should be dismissed for insufficient service of process and lack of personal jurisdiction. Further, this Court has no personal jurisdiction over Trip.com because Defendant has not purposefully directed activities at residents of this District. The assertion of personal jurisdiction against a China-based company with no connection to this District is neither reasonable nor fair.

A. **Service Is Procedurally Ineffective Due To Failure To Follow The Hague Convention**

Cedar purported to serve Trip.com by having the Complaint delivered to the Texas Secretary of State. See ECF Nos. 4, 6, and 7. However, this attempt at service was ineffective. Texas law provides that the secretary of state is an agent for service of process on a nonresident who "is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process." Tex. Civ. Rem. & Prac. Code Ann. § 17.044(a)(1). In addition, the

9

secretary of state is an agent for service of process on a nonresident "who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party." Tex. Civ. Rem. & Prac. Code Ann. § 17.044(b).

Trip.com is not registered to do business in Texas, does not specifically advertise its business or services to Texas or Texans, and does not target Texas or Texans for its business. Ex. 1, Decl. of Mr. Jinping Yao ("Yao Decl.") at ¶¶ 2, 3, and 7. Trip.com is not required by statute to designate or maintain a resident agent and has not engaged in business in this state such that either would be required to designate a resident agent for service. *Id.* at ¶ 4. Further, the Texas Secretary of State cannot be considered an agent for service for Trip.com because it is not engaged in business in this state.

Regardless, service upon Trip.com must comply with the Hague Convention, which does not recognize service via the secretary of state's office of a state. Further, the People's Republic of China has not waived objection to service by mail under the Hague Convention. See U.S. State Dept Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited August 10, 2021). Additionally, Cedar has not even sought leave of this Court for alternative service. Thus, Cedar has not met its burden to show that service on this China-based company was effective. Accordingly, dismissal for insufficient service of process is warranted. *See* Fed. R. Civ. P. 12(b)(5).

Compliance with the Hague Convention is mandatory because the text of the treaty

provides that it "shall apply" when there is "occasion" to serve documents abroad. 20 U.S.T. 361 Art. 1. As discussed above, such an occasion has arisen in this case because, according to the Complaint, Cedar has sued a defendant located in China (ECF No. 1, ¶ 3) in a Texas court, and Texas long-arm statute expressly requires transmittal of documents abroad. Tex. Civ. Prac.& Rem. Code Ann. §§ 17.043-45 (West); *Sheets*, 891 F.2d at 536–37 (5th Cir. 1990); *Bayoil Supply*, 54 F. Supp. 2d at 693.

The Supreme Court has advised that "[t]hose who eschew [the Hague Convention's] procedures risk discovering that the forum's internal law required transmittal of documents for service abroad and that the Convention, therefore, provided the ***exclusive*** means of valid service."*Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 706 (emphasis added). Because Texas law requires the transmission of documents abroad, the Hague Convention provides the exclusive means of valid service in this case. Further, even though the Texas secretary of state may act as agent for service of process, this does not obviate the need to transmit process abroad under Texas law. *Duarte v. Michelin N. Am., Inc.*, No. 2:13-CV-00050, 2013 WL 2289942, at *2-4 (S.D. Tex. May 23, 2013) (Even when Texas secretary of state has been served "it cannot be said that service is completed for purposes of conferring jurisdiction on the court until the documents have been transmitted abroad to the defendant.")

While the Hague Convention itself provides some limited exceptions to its applicability, none of those exceptions apply here. Specifically, the Convention "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 Art. 1. Buthere, the Complaint expressly provides an address for Trip.com. ECF No. 1, ¶ 3.

Accordingly, Cedar's service of Trip.com is improper in this case and, therefore,

ineffective.

      **B.**    <u>**This Texas Court Cannot Exercise Personal Jurisdiction Over China-Based Trip.com**</u>

      **1.**    **This Court cannot exercise general jurisdiction over Trip.com because Trip.com is not "at home" in this District.**

"[O]nly a limited set of affiliations with a forum will render a defendant ['at home,' i.e.] amenable to all-purpose jurisdiction there." *Daimler AG*, 571 U.S. at 137.

With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear andcertain forum in which a corporate defendant may be sued on any and all claims. *Id.* (quotation marks, alterations, and citations omitted).

Cedar has not pleaded any basis for general jurisdiction; instead, it seems to confuse general and specific jurisdiction. For example, Cedar broadly alleges in its Complaint that "[t]his Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District … [and] has committed acts of patent infringement giving rise to this action within this District." ECF No. 1, ¶ 6.

But as the Supreme Court has explained, to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." *Daimler AG*, 571 U.S. at 138. Further, "[a]lthough the placement of a product into the stream of commerce may bolster an affiliation germane to *specific* jurisdiction, . . . such contacts do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Daimler AG*, 571 U.S. at 132 (emphases in original) (quotation marks omitted).

Cedar cannot plead general jurisdiction because no facts even suggest that Trip.com

might be "at home" in this District. Defendant is not registered to do business in Texas and is not required by statute to designate or maintain a resident agent, and has not engaged in business in this state such that either would be required to designate a resident agent for service in Texas. Ex. 1, Yao Decl. at ¶¶ 2 and 4. Trip.com is incorporated outside the United States and maintains its principal place of business in the People's Republic of China. *Id.* at ¶ 5. Further, Defendant does not specifically advertise its business or services to Texas or Texans, including citizens of this District. *Id.* at ¶ 3.

Trip.com is a company based in the People's Republic of China with no offices, property, employees, facilities, real estate, or bank accounts in this District. *Id.* at ¶¶ 6, 8, and 10. In fact, at least 70% of Trip.com's revenue comes from the People's Republic of China. *Id.* at ¶ 11. Additionally, Defendant has not specifically targeted Texas or this District for its services and has not intentionally engaged in any business activities in this District. *Id.* at ¶¶ 7 and 9.

Because none of the "paradigm bases for general jurisdiction" over Trip.com exist, an exercise of all-purpose jurisdiction would be improper. *See Daimler AG*, 571 U.S. at 137.

**2. Cedar's inaccurate allegations are insufficient to demonstrate specific jurisdiction.**

For specific jurisdiction to exist, (i) Trip.com must have purposefully directed its activities atresidents of this forum; (ii) the claim must have arisen out of or related to those activities, and the assertion of personal jurisdiction must be reasonable and fair. *See Nuance Commc'ns, Inc.*, 626 F.3d at 1231. None of these factors is met here.

**a. Trip.com did not "purposefully direct[] activities at residents of th[is] forum**

Cedar alleges without support in its Complaint that "[t]his Court has personal

13

jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District … [and] has committed acts of patent infringement giving rise to this action within this District." ECF No. 1, ¶ 6. However, Cedar's stream-of-commerce theory is unsupported. "The precise requirements of the stream-of-commerce theory of jurisdiction remain unsettled." *Celgard, L.L.C. v. S.K. Innovation Co.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015). The question is "[w]hether mere placement into the stream of commerce is sufficient to establish jurisdiction, or whether intent that the products reach the forum is required." *Id*. "The Federal Circuit has repeatedly refused to endorse either articulation of the stream of commerce theory. Instead, the Federal Circuit's approach is to determine whether the plaintiff can establish minimum contacts—or has failed to establish minimum contacts—under both theories." *Slyce Acquisition v. Syte-Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1197 (W.D. Tex. Oct. 22, 2019). Here, a stream-of-commerce theory will not support jurisdiction under either test because Trip.com has not: (1) intentionally engaged in any business activities in this District; (2) specifically advertised its business or services to Texas or Texans; or (3) specifically targeted Texas this District for its services. Ex. 1, Yao Decl. at ¶¶ 3, 7, and 9.

**b. Cedar's claim does not "arise out of or relate to" any activities of Trip.com**

Because Cedar cannot show specific jurisdiction over Trip.com under the first prong of the test, it likewise cannot meet the second. In particular, Cedar claims Trip.com committed and benefited from the complained-of tortious acts (i.e., patent infringement) in this District. *Compl.*, ECF No. 1, ¶ 6. However, Trip.com is a China-based company with no offices, property, or employees in Texas or this District. Ex. 1, Yao Decl. at ¶¶ 5, 8, and

10. Defendant has not intentionally engaged in any business activities in this District, much less patent infringement. *Id.* at ¶ 9. Cedar's claim, therefore, does not "arise out of or relate to" Trip.com's conduct.

        **c.**        **The assertion of personal jurisdiction over Trip.com would be unreasonable and unfair**

Further, for this Texas Court to exercise jurisdiction over a company based in China with no contacts in this forum would violate traditional notions of fair play and substantial justice. The following factors inform the reasonableness inquiry: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Elecs. For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1352 (Fed. Cir. 2003). Each factor confirms that jurisdiction would be unreasonable here.

***The burden on the defendant***. The burden on Trip.com of litigating in this forum would be significant. Trip.com is a foreign corporation with its headquarters in Shanghai, China. *Compl.*, ECF No. 1, ¶ 3. The company has no offices, property, facilities, real estate, bank accounts, or employees in Texas or this District and is not registered to do business in Texas. Ex. 1, Yao Decl. at ¶¶ 2, 6, 8, and 10.

***The plaintiff's interest in obtaining relief.*** That Cedar may have an interest in pursuing its infringement allegations does not permit it to sue in a Court that cannot exercise personal jurisdiction over the Defendant. Cedar may pursue the relief it seeks in an appropriate forum. At least 70% of Trip.com's revenue comes from China, so that Cedar may file for enforcement in China. *Id.* at ¶ 11.

***The interstate judicial system's interest, and the shared interest of the several states.*** It would be inefficient to burden this Court's (or country's) judicial resources with a case to which it has no connection. Trip.com is not a citizen of the United States and did not choose to conduct business with or direct any activities toward Texas residents. The instant litigation is one of more than 40 patent infringement cases in this District filed by Cedar over the past year. This case does not involve any substantial social policies that would impact the citizens of Texas or impact this state's judicial system. Furthermore, there do not appear to be any issues in the case that would demonstrate a shared interest among several states.

Thus, the assertion of personal jurisdiction is not only unsupportable under minimum contacts, but it would offend traditional notions of fair play and substantial justice as well.

V. **CONCLUSION**

For the preceding reasons, Trip.com's motion for special appearance and to dismiss for insufficient service of process and lack of personal jurisdiction should be granted.

Dated: August 16, 2021                    Respectfully submitted,

                                          By: /s/ Erick S. Robinson
                                          Erick S. Robinson
                                          Texas State Bar No. 24039142
                                          erobinson@porterhedges.com
                                          PORTER HEDGES PLLC
                                          1000 Main Street, 36th Floor
                                          Houston, Texas 77002
                                          TEL: (713) 226-6615
                                          FAX: (713) 226-6215

                                          *Attorneys for Plaintiff*
                                          *Trip.com Group Limited*

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, the preceding was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

/s/ Erick S. Robinson<br>
Erick S. Robinson